# United States Court of Appeals for the Fifth Circuit

———————

No. 22-40825
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**

January 22, 2024

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

AMOS SIFUENTES,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:22-CR-231-1

———————————————————

Before ELROD, OLDHAM, and WILSON, *Circuit Judges*.

PER CURIAM:[*]

Amos Sifuentes appeals the 70-month sentence imposed following his guilty plea conviction for the smuggling of goods from the United States to Mexico. He argues the district court erred in applying a base offense level of 26 under U.S.S.G. § 2M5.2(a)(1) based on its finding that the offense did not involve "only (A) non-fully automatic small arms (rifles, handguns, or

———————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

shotguns), and the number of weapons did not exceed two, (B) ammunition for non-fully automatic small arms, and the number of rounds did not exceed 500, or (C) both." § 2M5.2(a)(2). Because he raised this argument in the district court, we review the district court's application of the Guidelines de novo and its fact findings for clear error. *United States v. Gomez-Alvarez*, 781 F.3d 787, 791 (5th Cir. 2015). "There is no clear error where the district court's finding is plausible in light of the record as a whole." *United States v. Rico*, 864 F.3d 381, 383 (5th Cir. 2017).

The offense involved one 9-millimeter Glock pistol, 100 rounds of 9-millimeter ammunition, and four magazines, which were component parts that were prohibited items under 18 U.S.C. § 554, the export law at issue here. *See United States v. Gonzalez*, 792 F.3d 534, 537–39 (5th Cir. 2015) (holding that empty magazines for firearms meet the definition of "firearm components" under the statute). Because the offense involved a firearm, ammunition, and three additional component parts, the district court did not clearly err in finding that the offense did not fall within § 2M5.2(a)(2). *See Gonzalez*, 792 F.3d at 537-39; *see also United States v. Diaz-Gomez*, 680 F.3d 477, 479–81 (5th Cir. 2012). Therefore, the district court did not err in applying a base offense level of 26 under § 2M5.2(a)(1).

Sifuentes also filed motions to stay and to remand the case to the district court, challenging the validity of the amended indictment. In his reply brief, Sifuentes concedes that he waived this issue by entering an unconditional guilty plea. Accordingly, Sifuentes's motions are DENIED as moot.

AFFIRMED.